UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
SHAQUILLE MCSWEEN,

                      Plaintiff,

        - against -

CITY OF NEW YORK,
POLICE OFFICER SERGIO AUZA,
POLICE OFFICER CESAR IMBERT,
UC POLICE OFFICER JOHN/JANE DOE,
POLICE OFFICER JOHN DOE(S) #'s 1-2,

                      Defendants.
--------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**13-CV-05532 (KPF)(FM)**

**PLAINTIFF DEMANDS
TRIAL BY JURY ON
ALL ISSUES**

Plaintiff, **SHAQUILLE MCSWEEN**, by his attorneys, NASS & ROPER LAW, LLP**,**

complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which Plaintiff, **SHAQUILLE MCSWEEN**, seeks

damages to redress the deprivation, under color of state law, of rights secured to him

under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States

Constitution.  On or about March 16, 2012, at approximately 10:08 p.m., Plaintiff was

walking his friend on the south east corner of East 172nd Street and Southern

Boulevard in the County of the Bronx when Defendants approached him and arrested

him for solicitation. Plaintiff was assaulted and falsely arrested by Defendants

including, but not limited to, **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4**.  It

is alleged that Defendants falsely arrested Plaintiff in violation of his constitutional

rights, and used excessive force in effectuating his arrest.  As a result of the excessive

force used by Defendants, Plaintiff suffered severe physical and mental injuries.

## II. JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which

provides for original jurisdiction in this court of all suits brought pursuant to 42

U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases

brought pursuant to the Constitution and laws of the United States.  This Court has

pendant jurisdiction over Plaintiff's state law claims.

### III. PARTIES

3.      Plaintiff, **SHAQUILLE MCSWEEN**, at all times relevant hereto, resided at 870

Jennings St. Apt 2D, in the County of Bronx, and in the City and State of New York.

4.      Defendant, **CITY OF NEW YORK** (hereinafter "CITY"), is a municipal

corporation, incorporated pursuant to the laws of the State of New York, which

operates the New York City Police Department (hereinafter "NYPD"), and as such is

the public employer of the Defendant officers herein.

5.      Defendant **POLICE OFFICER SERGIO AUZA (SH: 3120)** was an NYPD police

officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or

employee of Defendant CITY and within the scope of his employment.

6.      Defendant **POLICE OFFICER CESAR IMBERT (SH: 2271)** was an NYPD police

officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or

employee of Defendant CITY and within the scope of his employment.

7.      Defendant **UC POLICE OFFICER JOHN/JANE DOE** was an NYPD police

officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or

employee of Defendant CITY and within the scope of his employment.

8.      Defendants, **POLICE OFFICER JOHN/JANE DOE(S) #'s 1-2,** were  NYPD

police officers, and at all relevant times hereto, acted in that capacity as agents,

servants, and/or employees of Defendant CITY and within the scope of their employment.

9.    At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. <u>FACTS</u>

10.   On or about March 16, 2012, at approximately 10:08 p.m., Plaintiff, **SHAQUILLE MCSWEEN**, was walking with his friend on the corner of East 172nd Street and Southern Boulevard.

11.   Defendants approached Plaintiff and his friend and grabbed Plaintiff, **SHAQUILLE MCSWEEN** from behind, told him to "shut up" and proceeded to arrest him.

12.   Plaintiff informed Defendants that he did not do anything but was ignored. Plaintiff, **SHAQUILLE MCSWEEN** further informed Defendants that his shoulder/arm was injured but Defendants nevertheless stretched it back producing pain and injury.

13.   Plaintiff, **SHAQUILLE MCSWEEN's** friend also informed Defendants that Plaintiff**, SHAQUILLE MCSWEEN** was innocent**.**

14.   Plaintiff, **SHAQUILLE MCSWEEN** was processed, fingerprinted, searched and processed while being held for approximately FORTY-ONE (41) hours and released on March 18th, 2012.

15.   Plaintiff, **SHAQUILLE MCSWEEN** was informed that he was being prosecuted simply to pressure his friend to plead guilty.

16.     Nevertheless, after approximately seven appearances in court, all charges were dismissed against Plaintiff, **SHAQUILLE MCSWEEN**.

17.     Claimant has no prior record and was enrolled in college during the incident. Due to the ongoing prosecution, and the college's "zero tolerance" policy, Plaintiff, **SHAQUILLE MCSWEEN** was forced to miss classes, causing his GPA to drop. Plaintiff, **SHAQUILLE MCSWEEN** incurred loss of wages from missed work-study hours in the financial aid office.

18.     That on or around the 13th day of June, 2012, Plaintiff's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of Plaintiff, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

19.     That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

### V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

20.     Paragraphs 1 through 19 of this complaint are hereby re-alleged and incorporated by reference herein.

21.     That Defendants had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain him for approximately forty-one hours.

22.     That in detaining Plaintiff for approximately forty-one hours, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and

authority as a policymaker of the New York City Police Department under the color of State and/or local law.

23.    Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

24.    As a result of the above described  policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

25.    The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

26.    By reason of Defendant's acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

27.    By reason of the foregoing, Plaintiff suffered mental injuries, deprivation of liberty and privacy, humiliation, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

### VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

28.    Paragraphs 1 through 27 are hereby re-alleged and incorporated by reference herein.

29.     That the seizure, detention and imprisonment of Plaintiff was unlawful in that

        Defendants had no probable cause to detain, arrest and/or imprison him.

30.     That Defendants intended to confine Plaintiff.

31.     That Plaintiff was conscious of the confinement and did not consent to it.

32.     That the confinement was not otherwise privileged.

33.     By reason of Defendants acts and omissions, Defendants, acting in gross and wanton

        disregard of Plaintiff's rights, deprived him of his liberty when they subjected him to

        an unlawful, illegal and excessive detention, in violation of State law.

34.     That by reason of the foregoing, Plaintiff suffered mental injuries, economic injury,

        deprivation of liberty and privacy, terror, humiliation, damage to reputation and other

        psychological injuries.  All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

35.     Paragraphs 1 through 34 are hereby re-alleged and incorporated by reference herein.

36.     That the incident that resulted from the intentional application of physical force by

        Defendants constituted a seizure.  That the use of excessive force in effectuating the

        seizure was unreasonable under the circumstances.

37.     That Defendants had no legal cause or reason to use excessive force in effectuating

        Plaintiff's arrest.

38.     That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be

        free from unreasonable seizures when they used excessive force against him.

39.     That at the time of the arrest, Plaintiff did not pose a threat to the safety of the

        arresting officers.

40.     That Plaintiff was not actively resisting arrest or attempting to evade arrest.

41.    That Defendant CITY, through its officers, agents, and employees, unlawfully

        subjected Plaintiff to excessive force while effectuating his arrest.

42.    That Defendants' actions were grossly disproportionate to the need for action and

        were unreasonable under the circumstances.

43.    That by reason of Defendants acts and omissions, acting under color of state law and

        within the scope of his authority, in gross and wanton disregard of Plaintiff's rights,

        subjected Plaintiff to excessive force while effectuating his arrest, in violation of his

        rights pursuant to the Fourth and Fourteenth Amendments of the United States

        Constitution.

44.    That upon information and belief, in 2012, Defendant CITY had a policy or routine

        practice of using excessive force when effectuating arrests.

45.    That upon information and belief, it was the policy and/or custom of Defendant CITY

        to inadequately train, supervise, discipline, and/or terminate their officers, staff,

        agents and employees, thereby failing to adequately discourage further constitutional

        violations on the part of their officers, staff, agents and employees.

46.    That as a result of the above described policies and customs, the officers, staff, agents

        and employees of Defendant CITY, believed that their actions would not be properly

        monitored by supervisory officers and that misconduct would not be investigated or

        sanctioned, but would be tolerated.

47.    That the above described policies and customs demonstrate a deliberate indifference

        on the part of the policymakers of Defendant CITY to the constitutional rights of

        arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

7

48.     By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

### IIX. FOURTH CAUSE OF ACTION
### Pursuant to State Law (EXCESSIVE FORCE)

49.     Paragraphs 1 through 48 are hereby re-alleged and incorporated by reference herein.

50.     That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

51.     That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

52.     That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

53.     That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

54.     That Plaintiff was not actively resisting arrest or attempting to evade arrest.

55.     That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

56.     That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of the laws of the State of New York

57.     By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
### Pursuant to State Law (ASSAULT and BATTERY)

58.     Paragraphs 1 through 57 are hereby re-alleged and incorporated by reference herein.

59.     That Defendants intended to cause harmful bodily contact to Plaintiff.

60.     That defendant Defendants, in a hostile manner voluntarily caused Plaintiff's injuries.

61.     That Defendants contact with Plaintiff constituted a battery in violation of the laws of

        the State of New York.

62.     That by reason of the foregoing, Plaintiff suffered physical injuries, mental injuries,

        emotional injuries, economic injury, trauma, humiliation, terror, damage to

        reputation, and other psychological injuries.  All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
### Pursuant to §1983 (MALICIOUS PROSECUTION)

63.     Paragraphs 1 through 62 are hereby re-alleged and incorporated by reference herein.

64.     That Defendants, with malicious intent, arrested Plaintiff and initiated a criminal

        proceeding despite the knowledge that Plaintiff had committed no crime.

65.     That the criminal matter against Plaintiff was terminated in his favor and the court

        dismissed the case in its entirety on or around May 23, 2013.

66.     That there was no probable cause for the arrest and criminal proceeding.

67.     That by reason of Defendants' acts and omissions, Defendants, acting under the color

        of state law and within the scope of their authority, in gross and wanton disregard of

        Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted

        him and subjected him to an unlawful, illegal and excessive detention, in violation of

        his rights pursuant to the Fourth and Fourteenth Amendments of the United States

        Constitution.

68.     That upon information and belief, Defendants had a policy and /or custom of

maliciously prosecuting individuals despite the lack of probable cause.  Thus, as a

result of the above described policies and customs, Plaintiff was maliciously

prosecuted despite the fact that he had committed no violation of the law.

69.     That upon information and belief it was the policy and /or custom of Defendant CITY

to inadequately hire, train, supervise, discipline and /or terminate their officers, staff,

agents and employees, thereby failing to adequately discourage further constitutional

violations on the part of their officers, staff, agents, and employees.

70.     That as a result of the above described policies and customs, Defendant CITY, its

staff, agents and employees of Defendant CITY believed that their actions would not

be properly monitored by supervisory officers and that misconduct would not be

investigated or sanctioned, but would be tolerated.

71.     That the above described policies and customs demonstrate a deliberate indifference

on the part of the policymakers of Defendant CITY to the constitutional rights of

arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

72.     That in so acting, Defendant CITY abused its power and authority as policymaker of

the NYPD under the color of State and/or local law.

73.     That by reason of the foregoing, Plaintiff suffered physical and psychological

injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic

damages including attorneys' fees, damage to reputation, shame, humiliation, and

indignity.  All of said injuries may be permanent.

## XI. SEVENTH CAUSE OF ACTION
### Pursuant to State Law (MALICIOUS PROSECUTION)

74.     Paragraphs 1 through 73 are hereby re-alleged and incorporated by reference herein.

75.     That Defendants acted with malicious intent, arrested Plaintiff and initiated a criminal

proceeding despite the knowledge that Plaintiff had committed no crime.

76.     That the criminal matter will be dismissed in Plaintiff's favor.

77.     That there was no probable cause for the arrest and criminal proceeding.

78.     Defendants knew or should have known that there was no likelihood of a conviction

of Plaintiff.

79.     That by reason of Defendants acts and omissions, Defendants, acting under the color

of state law and within the scope of their authority, in gross and wanton disregard of

Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted

him in violation of the Laws of the State of New York.

80.     That by reason of the foregoing, Plaintiff suffered physical and psychological

injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic

damages including attorneys' fees, damage to reputation, shame, humiliation, and

indignity.  All of said injuries may be permanent.

## XII. <u>EIGHTH CAUSE OF ACTION</u>
### Pursuant to State Law (RESPONDEAT SUPERIOR)

81.     Paragraphs 1 through 80 are hereby re-alleged and incorporated by reference herein.

82.     That at all times, all Defendants were acting within the scope of their employment.

83.     That Defendant CITY was able to exercise control over Defendant Officers'

activities.

84.     That Defendant CITY is liable for Defendant Officers' actions under the doctrine of

respondeat superior.

85.     By reason of the foregoing, Plaintiff suffered mental injuries, emotional injuries,

economic injury, trauma, humiliation, terror, damage to reputation, and other

psychological injuries.  All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and

will continue to suffer, emotional pain, suffering, inconvenience, injury to his

reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses.

Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1.  Awarding Plaintiff compensatory damages in a full and fair sum to be

    determined by a jury;

2.  Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3.  Awarding Plaintiff interest from March 16, 2012; and

4.  Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and

5.  Granting such other and further relief as to this Court seems proper.


Dated: New York, NY
       March 19, 2014

                                        Yours, etc.

                                        _____
                                        JUSTIN M. ROPER, ESQ.
                                        *ATTORNEY FOR PLAINTIFF*
                                        NASS & ROPER LAW, LLP
                                        14 PENN PLAZA, SUITE 2004
                                        NEW YORK, NEW YORK 10122

## ATTORNEY'S VERIFICATION

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, SHAQUILLE MCSWEEN.  I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:        New York, New York
                   March 19, 2014

_____
JUSTIN M. ROPER, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAQUILLE MCSWEEN,

                    Plaintiff,

    – against –

CITY OF NEW YORK, ET AL.

                    Defendants.

AMENDED COMPLAINT

NASS & ROPER LAW, LLP
*Attorneys for Plaintiff*
SHAQUILLE MCSWEEN
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246[*]

---

[*] Not for service of papers.